UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. NEWNAM,

        Plaintiff,

v.                                          CASE No. 8:05-CV-630-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____/

**<u>ORDER</u>**

      Plaintiff seeks review of the Commissioner's decision denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") claiming the Administrative Law Judge ("ALJ") erred by failing to develop the record as to whether he can perform his past relevant work as a computer programmer given his impairments.  *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).  After reviewing the record, however, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is affirmed and the Plaintiff's complaint is dismissed.[1]

    *A.  Background*

      This is action marks the second time the Plaintiff has sought judicial review of an administrative decision denying him benefits.  Alleging a disability onset date of July 1,

---

    [1]  The parties consented to my jurisdiction (doc. 11).  *See* 28 U.S.C. § 636.

1997, Plaintiff suffers from a variety of severe impairments: human immunosuppressive virus infection, chronic back pain, coronary artery disease, neuropathy, and an affective disorder.[2]  When the Commissioner rejected his initial claims for benefits, the Plaintiff sought review in this Court asserting the ALJ erred at step four of the sequential analysis by failing to support credibility determinations and appropriately weigh the VA's determination of the Plaintiff's disability.  *See Newman v. Barnhart, Case No.* 8:00-Civ-1961-T-EAJ at doc. 21.  That credibility issue is tangentially related to this application.  The Plaintiff has consistently testified he suffered from persistent, severe diarrhea.  Because the first ALJ failed to specify which portions of the medical record contradicted the Plaintiff's testimony, the magistrate judge concluded remand was required.  Now, the Plaintiff complains the ALJ, in assessing his complaints of severe diarrhea per the remand,  "erred in failing to develop the record as to whether Plaintiff is capable of performing his past relevant work." *See* doc. 27.  Restating the Plaintiff's issue more plainly: did the ALJ properly include generous accommodations so that Plaintiff could deal with his impairment, accommodations so generous that they might not be available?  That question presumes the record supports the Plaintiff's account of severe, uncontrollable diarrhea for the durational period imposed by the Act and that the ALJ inappropriately discounted the Plaintiff's credibility.  That, however, is not the case.

   *B.  Standard of Review*

   To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental

---

   [2]  For DIB, Plaintiff's must show he was disabled prior to December 31, 2000, his last date insured.

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a

3

reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

### C.  Discussion

According to the Plaintiff, from 1997 through 1998 he suffered from diarrhea so severe that it rendered him homebound.  In his words, "if I so much as stood, if I wasn't close to a restroom within five steps, I would defecate on myself" (doc. 27, p. 6).  He contends this effectively rendered him disabled.  The ALJ, however, disagreed finding the medical record did not support the intensity of Plaintiff's complaints and Plaintiff's occupational status (a "senior professional") would have permitted him more leeway in taking rest breaks.  Plaintiff takes issue with both these conclusions.

The ALJ, after studying the Plaintiff's medical record, observed the periodic notes by his treating physician revealed that Plaintiff has not always "displayed the fecal urgency that he claimed is such a continuous part of his live."  *See* R. 25.  Although the Plaintiff takes issue with this core conclusion, substantial evidence supports the ALJ's finding.  Beginning in January 1998 though his last date insured, the Plaintiff complained intermittently of fecal

4

distress.[3]  His progress notes documenting his monthly and sometimes weekly visits during this period show he often reported he suffered no or little gastrointestinal distress for weeks or months at a time (R. 178, 177, 167, 184-190, 195, 221).  On the other hand, he also reported severe bouts of diarrhea (ten to fifteen bowel movements a day; *see* R. 170).  These GI flare-ups, as documented in the progress notes, appear limited and do not suggest the Plaintiff suffered from the constant, incessant diarrhea he testified about in his administrative hearing.  Furthermore, the medical record does not support the durational requirement 42 U.S.C. § 423(d)(1)(A) imposes.

The ALJ, having made this conclusion, could have ended his step four analysis finding the Plaintiff had not proven he was unable to return to his former occupation despite his impairments.  Instead, the ALJ added an observation: given the Plaintiff's "senior professional" status, it is likely that he would have been able to accommodate the difficulties his diarrhea inflicted.  As the Plaintiff correctly notes, the ALJ cited no evidence for such a conclusion other than a purported presumption.  To rectify this, the Plaintiff argues the ALJ should have looked to a vocational expert for guidance as permitted by the regulations.  *See* 20 C.F.R. 404.1560(a)(2) ("A vocational expert or specialist may offer relevant within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy); *see also Lucas v. Sullivan,* 918 F.2d 1567, 1573 n.2 (11th Cir. 1990).  This argument, however, presumes the ALJ's finding that Plaintiff suffered from intermittent

---

[3]  Plaintiff's medical records prior to January 1998 are scant and none of those reveal fecal incontinence or severe diarrhea.

5

bouts of severe diarrhea was not supported by substantial evidence.  Because that is not the

case, the ALJ was not required to obtain expert vocational testimony.

> *D.  Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.      The Plaintiff's complaint is dismissed and the Commissioner's decision
        affirmed.

2.      The Clerk is directed to enter judgment for the Commissioner.

DONE AND ORDERED at Tampa, Florida on September 21, 2006.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record